**United States Bankruptcy Court**
**Middle District of Florida**
**Jacksonville Division**

In re **John P. McMahan, Sr d/b/a Mac's Tree and Hauling Service**
Debtor(s)

Case No. **3:10-bk-05478**
Chapter **11**

# DEBTOR'S PLAN OF REORGANIZATION, DATED OCTOBER 13, 2010

## ARTICLE I
## SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of the Debtor from future income of the Debtor business.

This Plan provides for 8 classes of secured claims and 1 class of unsecured claims. Unsecured creditors holding allowed claims will receive distributions not less than the projected disposable income of the Debtor to be received during the five year period beginning on the date that the first payment is due under the Plan. This Plan also provides for the payment of administrative and priority claims either upon the effective date of this Plan or as allowed under the Bankruptcy Code. All creditors and equity security holders should refer to Articles II through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

2.01   Class 1. All allowed claims entitled to priority under § 507 of the Code. All claims in Class 1 shall be paid in full at the time of confirmation of the Plan.

2.02   Class 2. First Mortgage Claim of OneWest Bank on 4476 CR 218 West, Middleburg, Florida (Claim 4).

This Class consists of the secured claim of OneWest Bank on 4476 CR 218 West, Middleburg, Florida 32068 by virtue of a first mortgage recorded in the Public Records of Clay County, Florida. The Debtor will continue to make regular monthly payments directly to the lenders on the original terms of the notes and mortgages and will cure the arrearage amount over 60 months.

Class 2 is impaired by the Plan. The holder of a Class 2 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 2 claim shall retain any lien encumbering real property of the Debtor in Possession.

2.03 <u>Class 3</u>. PMSI Claim of Caterpillar Financial Services on a 1999 International Truck with Prentice Mount Loader and Grapple (Claim 11).

This Class consists of the secured claim of Caterpillar Financial Services on a 1999 International Truck with Prentice Mount Loader and Grapple. The Debtor will value this property at the fair market value of $15,935.00. The Debtor will pay the valuation amount as a re-amortized contract, together with interest at the rate of 5.25%, in equal monthly installments over a period of 60 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the Creditor, whichever is earlier.

Class 3 is impaired by the Plan. The holder of a Class 3 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 3 claim shall retain any lien encumbering the personal property described above.

2.04 <u>Class 4</u>. PMSI Claim of Colonial Pacific Leasing Corporation on a Bobcat Compact Track Loaders, SN: 531618547; Deluxe Panel, 66" Grapple Keyign; and a Bobcat Grapple (Claim 9).

This Class consists of the secured claim of Colonial Pacific Leasing Corporation on a Bobcat Compact Track Loaders, SN: 531618547; Deluxe Panel, 66" Grapple Keyign; and a Bobcat Grapple. The Debtor will value this property at the fair market value of $9,000.00. The Debtor will pay the valuation amount as a re-amortized contract, together with interest at the rate of 5.25%, in equal monthly installments over a period of 60 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the Creditor, whichever is earlier.

Class 4 is impaired by the Plan. The holder of a Class 4 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 4 claim shall retain any lien encumbering the personal property described above.

2.05 <u>Class 5</u>. PMSI Claim of Colonial Pacific Leasing Corporation on a Bobcat Compact Track Loaders, SN: 531613332; Bobcat Grapple 66" Ind. Bucket, SN: 477010423 (Claim 10).

This Class consists of the secured claim of Colonial Pacific Leasing Corporation on a Bobcat Compact Track Loaders, SN: 531613332; Bobcat Grapple 66" Ind. Bucket, SN: 477010423. The Debtor will value this property at the fair market value of $6,500.00. The Debtor will pay the valuation amount as a re-amortized contract, together with interest at the rate of 5.25%, in equal monthly installments over a period of 60 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the Creditor, whichever is earlier.

Class 5 is impaired by the Plan. The holder of a Class 5 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 5 claim shall retain any lien encumbering the personal property described above.

2.06 Class 6. PMSI Claim of Harris, P.A. on a 2008 Buick Lacrosse.

This Class consists of the secured claim of Harris, P.A. on a 2008 Buick Lacrosse. The Debtor will value this property at the fair market value of $13,500.00. The Debtor will pay the valuation amount as a re-amortized contract, together with interest at the rate of 5.25%, in equal monthly installments over a period of 60 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the Creditor, whichever is earlier.

Class 6 is impaired by the Plan. The holder of a Class 6 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 6 claim shall retain any lien encumbering the personal property described above.

2.07 Class 7. PMSI Claim of Suntrust Bank on a 2007 Chevrolet Silverado 2500HD VIN: *1GCHK23097F176124* (Claim 5).

This Class consists of the secured claim of Suntrust Bank on a 2007 Chevrolet Silverado 2500HD VIN: *1GCHK23097F176124*. The Debtor will pay the full claim amount of $21,310.95. The Debtor will pay the valuation amount as a re-amortized contract, together with interest at the rate of 5.25%, in equal monthly installments over a period of 60 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the Creditor, whichever is earlier.

Class 7 is impaired by the Plan. The holder of a Class 7 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 7 claim shall retain any lien encumbering the personal property described above.

2.08 Class 8. PMSI Claim of Suntrust Bank on a 2007 Chevrolet Silverado 2500HD VIN: 1GCHK23D57F160146 (Claim 7).

This Class consists of the secured claim of Suntrust Bank on a 2007 Chevrolet Silverado 2500HD VIN: 1GCHK23D57F160146. The Debtor will pay the full claim amount of $20,316.80. The Debtor will pay the valuation amount as a re-amortized contract, together with interest at the rate of 5.25%, in equal monthly installments over a period of 60 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the Creditor, whichever is earlier.

Class 8 is impaired by the Plan. The holder of a Class 8 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 8 claim shall retain any lien encumbering the personal property described above.

2.09    Class 9.  All unsecured claims allowed under §502 of the Code.

This Class consists of the General Unsecured Claims including any unsecured portion of claims valued pursuant to 11 U.S.C. § 506.

The Debtor shall pay all projected disposable income for a period of 60 months to the holder of each Class 9 Claim in equal quarterly installments on the later of the effective date of the Plan or the date on which Class 9 claim becomes an allowed claim for full satisfaction of the unsecured claims.  To the extent that the debtor sells or refinances any real property and receives a profit, then such profit shall be considered disposable income and committed to the unsecured creditors as stated above.  Also the Debtor's tax refund while the case is pending will be considered disposable income and would go towards the unsecured creditors.  The Debtor anticipates a distribution of 7% to the unsecured creditors.

Class 9 is impaired by the Plan.  The holder of any allowed amount of Class 9 claim is entitled to vote to accept or reject the Plan.

# ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEE'S FEES, AND PRIORITY TAX CLAIMS

3.01    Unclassified Claims.  Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02    Administrative Expense Claims.  Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtors.

3.03    Priority Tax Claims.  Each holder of a priority tax claim will be paid in full by regular installments within 5 years of the date of the filing of the Petition by the Debtors in Possession in accordance with 11 U.S.C. § 1129(a)(9).

3.04    United States Trustee Fees.  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

# ARTICLE IV
# TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01   Claims and interests shall be treated as follows under this Plan:

**Class Impairment Treatment**

**Class 1 - Priority Claims.**

Unimpaired – The Debtor does not expect any priority claims outside of Attorney Fees and Trustee Fees.

**Class 2 – First Mortgage Claim of OneWest Bank on 4476 CR 218 West, Middleburg, Florida (Claim 4).**

Impaired – repaid at the original terms of the notes and mortgages and arrears cured over 60 months.

**Class 3 – PMSI Claim of Caterpillar Financial Services on a 1999 International Truck with Prentice Mount Loader and Grapple (Claim 11).**

Impaired – repaid the value of the estates interest in property, together with interest of 5.25%.

**Class 4 – PMSI Claim of Colonial Pacific Leasing Corporation on a Bobcat Compact Track Loaders, SN: 531618547; Deluxe Panel, 66" Grapple Keyign; and a Bobcat Grapple (Claim 9).**

Impaired – repaid the value of the estates interest in property, together with interest of 5.25%.

**Class 5 – PMSI Claim of Colonial Pacific Leasing Corporation on a Bobcat Compact Track Loaders, SN: 531613332; Bobcat Grapple 66" Ind. Bucket, SN: 477010423 (Claim 10).**

Impaired – repaid the value of the estates interest in property, together with interest of 5.25%.

**Class 6 – PMSI Claim of Harris, P.A. on a 2008 Buick Lacrosse.**

Impaired – repaid the value of the estates interest in property, together with interest of 5.25%.

**Class 7 – PMSI Claim of Suntrust Bank on a 2007 Chevrolet Silverado 2500HD VIN: *1GCHK23097F176124* (Claim 5).**

Impaired – repaid the value of the estates interest in property, together with interest of 5.25%.

**Class 8 – PMSI Claim of Suntrust Bank on a 2007 Chevrolet Silverado 2500HD VIN: 1GCHK23D57F160146 (Claim 7).**

Impaired – repaid the value of the estates interest in property, together with interest of 5.25%.

**Class 9 – General Unsecured Claims.**

Impaired – Anticipated distribution of approximately 7% to unsecured creditors

# ARTICLE V
# ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01   <u>Disputed Claim</u>. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtors or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtors have scheduled such claim as disputed, contingent, or unliquidated.

5.02   <u>Delay of Distribution on a Disputed Claim</u>.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03  Settlement of Disputed Claims.  The Debtors will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01  Assumed Executory Contracts and Unexpired Leases.

(a)  The Debtors assume the following executory contracts and/or unexpired leases effective upon the date of the entry of the order confirming this Plan:

1. N/A

(b)  The Debtors will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the date of the entry of the order confirming this Plan.  A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

## ARTICLE VII
## GENERAL PROVISIONS

7.01  Definitions and Rules of Construction.  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: N/A

7.02  Effective Date of Plan.  The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation.  But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

7.03  Severability.  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

7.04  Binding Effect.  The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

7.05  Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

7.06  Controlling Effect.  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE VIII
## DISCHARGE

8.01    Discharge.  Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## ARTICLE IX
## OTHER PROVISIONS

9.01    Payments.  Payments to the various Classes under this Plan shall commence twenty (20) days after the date that the Plan becomes final and non-appealable unless otherwise specifically stated with respect to treatment of each particular class.

9.02    Jursidiction. This Court shall retain exclusive jurisdiction to enforce the terms and provisions of this Plan in all respects and to decide any disputes, or the rights and duties of the parties hereunder or thereunder or any issues relating to the Plan including, but not limited to, the interpretation of the terms, conditions and provisions hereof and thereof, the status, priority of funds, application of payments and all issues and disputes arising in connection with the relief authorized herein.

By: /s/ Jason A. Burgess

Jason A. Burgess
Attorney for the Debtor in Possession
2350 Park Street
Jacksonville, Florida 32204
(904) 521-9868
Florida Bar No. 40757